The jury found a verdidt for the defendant.
On the above fadts, it was now moved, on the part of the plaintiff, to fet it afide, as contrary to evidence.
Troup for the plaintiff.
The adtion was to recover money lent : the defence, that it was given as an apprentice-fee. The queftion then is, whether from the evidence, it was á loan or a payment. That it was the former, is manifeft from the evidence of Noah, who faw the defendant’s letter, aiking to borrow money. If the money was a payment, it was lingular a requeft ihould be made to have it lent. It is not ufual for creditors to borrow their debts due, and give accountable receipts for the amount. The agreement on which the plaintiff’s fon went, is exprefsly proved ; he was to leave the defendant when he pleafed ; and the receipt was therefore worded as an accountable one ; becaufe, if the fon did not continue to complete his ftudies, only a proportionable fum was to be paid. The plaintiff did not contend the three hundred and feventy-five dollars were to be recovered without deduction; but that the defendant was not entitled to the whole, againft his agreement and his receipt. No argument could be drawn from the election of the fon, had it been clearly eftabliíhed : he was only fourteen years of age, and could not eledt without the concurrence, and under the con-, troul of his father. As to the defendant’s witneiles, their teftimony went to fadts perfedtly immaterial: the ground of the fuit was the agreement ; by that, no time was fpecified for eledting to leave the defendant: whenever the eledtion was made, and the plaintiff’s fon did leave the defendant, he was, upon his receipt, to account ; and, for fo much of the ufual time of ftudying under the tuition of the defendant as was unexpired, a deduction was to be made : thus, and thus only, the contradi in evidence, and the receipt could be confiftently explained.
Pendleton for the defendant. The application can fucceed only on two grounds ; either that the verdidt is againft the weight of evidence, or againft a rule of lawarifing out of the
*29 £?&. To decide on the firft, 'the court muft aflume the office of jurors, arid this they never do, where there is evidence on both tides, unlefs it is by much the ftrongeft on one fide. The jury here have decided on the credibility of the witnefíes; the court will not interfere with their province in that re-
fpe£t, to give another opportunity to weigh the credit of the fame witnefíes. This was never done, but when the teftimony was by foreign witnefíes, and taken abroad : then the court would do it to procure evidence of their credibility, becaufe the jury muft be ignorant of it; therefore, knowing only the credit of their own countrymen, they could not weigh it with that of foreigners, refiding abroad.* The note for three hundred and feventy-five dollars, made by the plaintiff when his fon was upon trial, was the reafon of the accountable receipt. It was not an engagement to repay a loan, but to be accountable on a contingency, whether the fon would be a ftudent or not; there was no precife time for this : the fon was on trial $ when he chofe to be a ftudent, the trial terminated, the account was complied with, and there was to be no return ; for the bill was fairly due. The dates of the tranfactions prove this ; and afterwards the fon is found to he a ftudent, by having a certificate gratis, which none but ftudents could obtain without paying five dollars. The court muft fuppofe him a ftudent, or that the defendant had been guilty of a fraud, by figning a falfe certificate. Noah fays the fon was to determine whether he would be a ftudent or not, and the other witnefíes fay the fon did eleit to become one. Noah fwears poiitively to a fact he could not pofitively know, the deftruction or lofs of the letter, in which the defendant applied to the plaintiff, to borrow money : and it is very lingular he ihould apply to borrow the very fum due him for a fee, and that the application ihould be to the very man whofe fon was a ftudent with him, in preference to all others.. The reafon why the receipt was an accountable one, was not becaufe no time was fixed for the plaintiff’s fon to make an eleftion, but becaufe the defendant was not to be accountable after the trial had.
Hoffman, on the fame fide. The conflxuelion, mentioned by the eounfel affociated with me, is that which the jury put on the bill and receipt. A pro rata accountability, for one or two years, when it might pleafe the fon of the plaintiff to *30 leave the defendant, was abfurd, in the cafe of either a fifí..' dent of law or phyfic. If, however, the inference from the fails was doubtful, the jury had drawn a conclufion which, according to legal principles, muft be decifive.
Harrifon in reply. The plaintiff is contending for his fair and juft rights : if injuftice has been done, this court will interpofe, and grant a new trial. It is admitted, that there was a period when the whole fee was not due ; that is in evidence : there is no proof that at the end of four or five months the defendant could ereil himfelf into a judge, and think himfelf entitled to the fame fee as if the plaintiff’s fon had itaid with him four or five years. The principle infilled on by the plaintiff is one that is found in every volume of law. Chancery is full of decifions of apportionment of apprentice fees, which depend entirely on the quantum of fervices mutually rendered.* This is the conftant rule of ailing, unlefsfome cuftom or ufage of trade to the contrary, be eftabliihed. Of this there is no kind of evidence : the defendant cannot make and fet up one for himfelf. On this point, the defendant’s witneffes fpeak Only as to hearfay, and give one folitary inftance of a cuftom, as it has been called. The ufage then, is out of the queftion ; and the queftion depends on the agreement; of this, Noah’s teftimony is conclufive : it is alfo uncontradiiled; and from his fituation, connected with his acquaintance in the family, it is highly probable he knew all the circumftances of the contrail better than any one elfe 5 nor could any one but Noah prove the lols of the letter, a Iking a loan of money. He had feen and read the letter ; and is it to be fuppofed the plaintiff would not have produced the. letter, if he had been able ? As he was not, and could not prove the lofs himfelf, Noah only could do it; who, like all other third perfons in fimilar Situations, fwears to his firm belief. A belief warranted by reafon, and the queftion I have juft aiked. The agreement on which the fon was taken, and the note given, is the only evidence that can affeil the caufe. The defendant’s xvitnefies neither do, nor can fpeak to this. The certificate, ufe of the defendant’s books, &c. are nothing to the purpofe. We find the defendant ailing with peculiar folicitude to get the plaintiff’s fon as a Student; and the extraordinary liberality of the defendant’s agreement, might not, if taken as the refult of his anxious entreaty, be *31 thought fo abfurd as has been argued. The fon' was not obliged to eleff when the note was due : no proof of the contrary ; if it was fo, and then the fee was payable and the note accounted for, how comes it that the defendant never calls upon the plaintiff for the accountable receipt, but leaves it to be produced and made ufe of againft him ? Had the fee been abfolutely due, at the end of lixty days, the receipt ought to have been demanded ; and, as the plaintiff took up his bill, the defendant ihould have taken up his receipt. The defence of Doffor Hofack is to demand wages for labour not done; is contrary to every principle of natural juftice, and therefore, the court will grant a new trial.
Per curiam. The plaintiff, on the trial of this caufe, gave in evidence a promiffory note of his own to the defendant. Elias Noah proves that this note was borrowed of the plaintiff by the defendant, on giving a receipt, promifing to be accountable to him for it. The defence" fet up is, that the note was a fee to the defendant for taking the plaintiff’s fon as an apprentice. A motion has been made to fet afide the ■ verdiff, as againft evidence, and obtain a new trial. This, the court are of opinion, ought to be granted.
The receipt given by the defendant, which was never taken up or called for, and the teftimony of Noah, both agree in proving the money to have been advanced upon loan; this teftimony remains in full force, notwithftanding any thing ' that was proven on the part of the defendant. What is related of the fon, that he was to be fome time on trial, is in confirmation of the agreement ftated by the plaintiff’s witnefs. The only circumftance of any weight on the part of the defendant, is the further confeifion of the fon that he was to pay three hundred and feventy-five dollars, and that he had been fome time on trial, and was then a regular ftudent. But this confeifion by the fon, without the knowledge or authority of the plaintiff, ought not to conclude him. The faff too, that the fon foon after left the defendant, and went to Europe, proves that the refervation in the original agreement had not been waived. In ihort, the evidence does not warrant a verdiff for the defendant; and a new trial muft be awarded, on payment of coils.
Lewis C. J. If the plaintiff is fatisfied that a proportion ihould be paid, might not a new trial be faved ?
*32 Troup. There is a verdift for the defendant. Kent. J. Is there no objeñion to allow for five months, at the rate of the fum ufually paid for three years ? Troup. None in the world, fir., if we can get rid of the ver-dict.

 T¡ie rei.ealxh. es of the report-an authority1'of thisdiftin£tioiu

Newton V. Rouse, 1 Vern. 100 guineas, part of an apprentice-fee was ordered to be repaid, the master having died within 3 weeks after iigning the articles, though they exprefsly mentioned £60 only ihould be returned, if the m after died within a year. But ice Hale v. Webb, 2 Bro. Ch. Rep. 80, where Lord Kenyon, then mailer of the Rolls, faid, the deciiion above .Tad carried the j’irifuiótion as iar as could be.